**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**PEAK PROPERTY AND CASUALTY**
**INSURANCE CORPORATION,**

    Plaintiff,

v.                                                             Case No: 5:20-cv-626-JSM-PRL

**STACY AMANDA CASTANEDA**
**MONZON, MARCO CASTANEDA**
**MONZON, CHRISTIAN JOVET**
**RIVERA, AMERICAN FINANCIAL**
**CARS GROUP CORP., SHANDS**
**TEACHING HOSPITAL AND**
**CLINICS, INC., FLORIDA**
**CLINICAL PRACTICE**
**ASSOCIATION and MARION**
**COUNTY FIRE RESCUE,**

    Defendants.

---

**ORDER**

Before the Court is the plaintiff's motion for an order as to fiduciary representative of minor defendants. (Doc. 50). Plaintiff moved for default judgment as to Stacy Castaneda, individually and jointly with Marco Castaneda as parents and co-guardians of minors A.C. and M.C. (Doc. 48).

Plaintiff properly served the minors through their parents and the Clerk entered default against them. (Docs. 46, 47). Despite proper service, no one has appeared on behalf of A.C and M.C. Under Federal Rule of Civil Procedure 55(b), a court may enter default judgment "against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." The court is charged generally with

the obligation to protect the interests of minors and may enter orders or appoint such guardians as is necessary for the protection of those interests. *See* Fed. R. Civ. P. 17(c).

Thus, unless and until an appearance is made on A.C or M.C.'s behalf by a general guardian or a like fiduciary, the Court cannot grant the requested relief in favor of the plaintiff and against the minors. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752561, at *4 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-CV-1054-ORL28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (stating that "even if service is adequate, there is no showing that any default judgment can be entered here that is binding as to the minor's interest, absent the appearance of an appropriate fiduciary").

As such, to ensure compliance with the plain language of Rule 55, Fed. R. Civ. P., and in consideration of the best interests of A.C. and M.C., Stacy Castaneda and Marco Castaneda are **ORDERED**, as the parents and co-guardians of A.C. and M.C., to appear on behalf of their minor children and to state whether A.C. and M.C. oppose the relief the plaintiff seeks here. Stacy Castaneda and Marco Castaneda shall do so by filing a written response with this Court on or before **November 5, 2021.** If Stacy Castaneda and Marco Castaneda fail to respond to this order or otherwise files a response declaring themselves unfit or otherwise unwilling to serve as the general guardians of A.C. and M.C., then the Court will consider the appointment of a guardian ad litem. Plaintiff shall ensure that a copy of this order is delivered to Stacy Castaneda and Marco Castaneda and shall notify the Court on the docket of such service.

**DONE** and **ORDERED** in Ocala, Florida on October 15, 2021.

- 3 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties