UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PEAK PROPERTY AND CASUALTY
INSURANCE CORPORATION,

    Plaintiff,

v.                                                       Case No: 5:20-cv-626-JSM-PRL

STACY AMANDA CASTANEDA
MONZON, MARCO CASTANEDA
MONZON, CHRISTIAN JOVET
RIVERA, AMERICAN FINANCIAL
CARS GROUP CORP., SHANDS
TEACHING HOSPITAL AND
CLINICS, INC., FLORIDA
CLINICAL PRACTICE
ASSOCIATION and MARION
COUNTY FIRE RESCUE,

    Defendants.

### REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's motion for summary judgment as to Defendants Stacy Castaneda and Marco Castaneda (Doc. 36), consent motion for declaratory judgment as to Defendants Christian Jovet Rivera, Shands Teaching Hospital and Clinics, Inc., Florida Clinical Practice Association, and Marion County Fire and Rescue (Doc. 37), a renewed motion for default judgment against American Financial Cars Group Corp. (Doc. 38), and motions for default judgment against Defendant Stacy Castaneda individually and

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

jointly with Marco Castaneda as parents and co-guardians of minors J.M.A, A.C., and M.C. (Docs. 48, 49). For the reasons discussed below, the motions for declaratory judgment (Doc. 37) and default judgment (Doc. 38, 48, 49) should be granted, and the motion for summary judgement (Doc. 36) should be denied as moot.

## I.   BACKGROUND

This is a declaratory judgment action brought by Plaintiff, Peak Property and Casualty Insurance Corporation ("Peak Property"), against Defendants, Stacy Amanda Castaneda Monzon ("Stacy Castaneda"), individually and jointly with Marco Castaneda Monzon ("Marco Castaneda") as parents and natural co-guardians of J.M.A., A.C., and M.C., Christian Jovet Rivera ("Christian Rivera"), American Financial Cars Group Corp. ("American Financial"), Shands Teaching Hospital and Clinics, Inc. ("Shands"), Florida Clinical Practice Association ("FCPA"), and Marion County Fire Rescue ("MCFR"), seeking a declaration on whether insurance benefits are afforded for an accident that occurred on June 17, 2020. (Doc. 1).

On February 4, 2020, Stacy Castaneda obtained a personal automobile liability policy issued by Peak Property. (Doc. 39-2). In May 2020, Stacy Castaneda added a 2013 Nissan Pathfinder and Comprehensive and Collision Coverage to the policy. (Doc. 39-4). The premium payment for the policy was due on May 28, 2020. (Doc. 39-14). Stacy Castaneda did not make the premium payment and on May 29, 2020, Peak Property sent her a Nonpayment Cancellation Notice advising that her coverage would end on June 12, 2020. (Doc. 39-16).

On June 17, 2020, while driving the Nissan Pathfinder, Stacy Castaneda and her children, J.M.A., A.C., and M.C, were involved in a motor vehicle accident with Christian

Rivera. On June 18, 2020, Stacy Castaneda made the premium payment on the policy. (Doc. 39-17). The Nissan Pathfinder was purchased from American Financial and after the accident, American Financial notified Peak Property that it was the substituted lender or lienholder as to the vehicle, and it incurred damage due its loss. Shands, FCPA, and MCFR incurred expenses associated with medical care and treatment given to Stacy Castaneda and her children, and have asserted claims under the policy for personal injury protection benefits. Marco Castaneda and Stacy Castaneda are the parents of the children injured in the accident, giving rise to claims for personal injury protection coverage under the policy.

On February 8, 2021, Stacy Castaneda emailed Peak Property's counsel a signed letter stating "I Stacy Castaneda am sending an answer to the motion that was served to me on 1/16/21 to the law suit that was filed against me and I affirm the allegations that where [sic] against me where [sic] true!" (Doc. 23). That same day, Marco Castanada emailed Peak Property's counsel a signed letter stating "I Marco Castaneda am sending an answer to the motion that was served to me on 1/16/21 at my home to the lawsuit that was filed against me for my car insurance and I affirm the allegations that where [sic] against me are true." (Doc. 24). Neither have appeared in this case.

On April 6, 2021, the Clerk entered default against American Financial. (Doc. 32). Shands, FCPA, and MCFR answered the complaint (Doc. 6, 14, 16) and later entered into a stipulation agreeing that no coverage exists under the policy. (Doc. 28). Christian Rivera stipulated as to a right to declaratory relief and advised Peak Property's counsel he is not pursing an insurance claim under the policy. (Doc. 33).

Peak Property then filed a motion for summary judgment against Stacy Castaneda and Marco Castaneda (Doc. 36), a motion for default judgment against American Financial (Doc.

38), and an unopposed motion for declaratory judgment against Christian Rivera, Shands, FCPA, and MCFR. (Doc. 37).

The court directed Plaintiff to show cause as to why the motion for summary judgment should not be denied because Stacy and Marco Castaneda have not appeared in the case. (Doc. 41). Peak Property then filed motions for Clerk's default (Docs. 44, 45), and the Clerk entered default on September 30, 2021. (Docs. 46, 47). Peak Property has now filed motions for default judgment against Stacy Castaneda individually and jointly with Marco Castaneda as parents and co-guardians of minors J.M.A, A.C., and M.C. (Docs. 48, 49). Both Stacy and Marco Castaneda have appeared on behalf of their minor children J.M.A., A.C., and M.C. to declare they are not pursuing anything against Peak Property. (Docs. 57, 58).

Peak Property requests the following declarations: (1) no bodily injury liability coverage, property damage liability coverage, personal injury protection coverage, uninsured/underinsured motorist coverage, collision coverage, comprehensive coverage or any other coverage is afforded by the policy for any claims, losses or damages arising from the June 17, 2020 accident as all coverages had lapsed on the accident date due to nonpayment of premium; (2) there is no insurance coverage under the policy for the named insured, Stacy Castaneda for bodily injury or property damage liability coverage, personal injury protection coverage, UM coverage, collision coverage or comprehensive coverage for the June 17, 2020 accident; (3) Peak Property has no duty to indemnify or defend Stacy Castaneda under the policy against any liability claims arising from the June 17, 2020 accident; (4) there is no personal injury protection coverage under the policy for Stacy Castaneda or her minor children, J.M.A., A.C. and M.C., in connection with the June 17, 2020 accident; (5) there is no uninsured/underinsured motorist coverage under the policy for Stacy Castaneda or her

minor children, J.M.A., A.C. and M.C., in connection with the June 17, 2020 accident; (6) there is no obligation to provide personal injury protection benefits under the policy to Shands for treatment of injuries alleged to result from the June 17, 2020 Accident; (7) there is no obligation to provide personal injury protection benefits under the policy to FCPA for treatment of injuries alleged to result from the June 17, 2020 accident; (8) there is no obligation to provide personal injury protection benefits under the policy to MCFR for treatment of injuries alleged to result from the June 17, 2020 accident; (9) there is no obligation to provide collision coverage benefits under the policy to American Financial for damages related to the June 17, 2020 Accident; (10) there is no obligation to under the policy to afford bodily injury liability insurance benefits to Christian Rivera for damages related to the June 17, 2020 Accident; (11) there is no obligation to under the Policy to afford property damage liability insurance benefits to Christian Rivera for damages related to the June 17, 2020 accident; and (12) minors, J.M.A., A.C. and M.C., are excluded from any bodily injury liability insurance benefits under the Policy for the June 17, 2020 accident.

## II.   DISCUSSION

### A. Default Judgment

Peak Property moves for default judgment against American Financial and Stacy Castaneda individually and jointly with Marco Castaneda as parents and co-guardians of minors J.M.A, A.C., and M.C. (Docs. 38, 48, 49).

Under Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of

his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.*

A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" itself in a lawsuit. Fed. R. Civ. P. 55(a). American Financial failed to participate in this case, despite the fact that it was provided with notice of it on February 3, 2021. (Doc. 18). Stacy Castaneda, sued both as an individual and as a parent and co-guardian of minors J.M.A., A.C., and M.C., was served on January 16, 2021. (Doc. 10). Marco Castaneda, sued as a parent and co-guardian of minors J.M.A., A.C., and M.C., was also served on January 16, 2021 through his spouse, Stacy Castaneda, as permitted by Fla. Stat. 48.03(2)(a). (Doc. 11). J.M.A., A.C., and M.C. were properly served through their parents, as permitted by Fla. Stat. 48.041(a). (Docs. 10, 11). Clerk's default has been properly entered against each of these Defendants. (Doc. 32, 46, 47).

Stacy and Marco Castaneda, as parents and legal guardians of of J.M.A., A.C., and M.C. were ordered "to appear on behalf of their minor children and to state whether J.M.A., A.C., and M.C. oppose the relief the plaintiff seeks here." (Doc. 55). Stacy and Marco Castaneda had the opportunity to decline to serve as general guardians, at which point a guardian ad litem would have been appointed. Both have timely responded to the order. (Docs. 57, 58). Stacy Castaneda states that, I Stacy Castaneda Monzon Guardian of J.M.A., A.C., and M.C. respond that we will not be se[e]king anything from Peak Property and

Casualty Insurance Corp. We are not interested in p[u]rsuing anything for Peak Property." (Doc. 57). Marco Castaneda states that, "I am Marco T Castaneda Monzon and I do not want to pursue any fight against peak property [o]n behalf of J.M.C., A.C., and M.C. my children we will not fight for anything." (Doc. 58).[2]

"The Declaratory Judgment Act is designed 'to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty.'" *Mt. Hawley Ins. Co. v. Smith Nissan Inc.,* No. 617CV1260ORL41KRS, 2018 WL 3827681, at *2 (M.D. Fla. Mar. 13, 2018) (quoting *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)).

Under Florida law, the interpretation of an insurance contract is a matter of law to be decided by the court. *Gas Kwick, Inc. v. United Pac. Inc. Co.*, 58 F.3d 1536, 1539 (11th Cir. 1995). "Insurance contracts are to be construed in a manner that is reasonable, practical, sensible, and just. . . . Terms used in a policy are given their plain and ordinary meaning and read in the light of the skill and experience of ordinary people. Provisions that exclude or limit liability of an insurer are construed more strictly than provisions that provide coverage." *United States Fire Ins. Co. v. Freedom Village of Sun City Ctr.*, 279 F. App'x 879, 880–881 (11th Cir. 2008) (internal citations omitted).

The policy at issue provides:

> If this policy has been in effect less than sixty (60) days and is not a continuation or renewal policy, we may cancel for any reason during that period by providing notice at least forty-five (45) days prior to the effective date of cancellation. We will only cancel for nonpayment of premium, during this timeframe, if any payment

---

[2] Stacy and Marco Castaneda are the most suitable people to protect the interests of minors J.M.A., A.C., and M.C. as there are no facts that suggest that a conflict of interests exists between them. *Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001) ("[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether guardian ad litem should be appointed.").

> is dishonored by a financial institution for any reason or subsequently determined to be rejected or invalid. In this case, we will provide notice at least ten (10) days prior to the effective date of cancellation.
>
> If this policy has been in effect for sixty (60) days or more, or is a renewal or continuation policy, we may cancel this policy. . . for nonpayment of premium by providing notice at least ten (10) days prior to the effective date of cancellation. . . . If you fail to timely respond to the notice, we shall cancel the policy and return any unearned premium to the Named Insured. The date on which the policy will be canceled shall be stated in the notice and shall in no case be less than fourteen (14) days after the date of the notice.

(Doc. 1 ¶ 54).

Further, Florida Statute § 627.728(2)(a) provides that "[n]o notice of cancellation of a policy shall be effective unless it is based on. . . nonpayment of a premium." If a policy is cancelled for the nonpayment of the premium, an insurer must provide at least ten days' notice of cancellation. Fla. Stat. § 627.728(3)(a). The notice of cancellation will be effective only if it provides the reasons for cancellation. *Id.*

The premium payment for the policy was due on May 28, 2020. (Doc. 1, ¶ 45). When Stacy Castaneda did not make the premium payment, on May 29, 2020, Peak Property sent her a Nonpayment Cancellation Notice advising that her coverage would end on June 12, 2020. (Doc. 1 ¶ 47). The notice advised: "[t]he premium for this policy has not been paid. Therefore we must, and hereby do, cancel your policy effective at the time and date shown above [06/12/2020 at 12:01 a.m. Local Time]." (Doc. 1 ¶ 47). The accident occurred on June 17, 2020, five days after the cancellation of her policy. (Doc. 1 ¶ 53). Peak Property complied with the statutory requirements as to the cancellation of the policy. It provided Stacy Castaneda with over ten days' notice, and provided her with the reasons for cancellation.

Taking all well-pleaded allegations in the complaint as true, no coverage existed under the policy for the June 17, 2020 accident. Accordingly, Peak Property's motions for default judgment against American Financial and Stacy Castaneda individually and jointly with Marco Castaneda as parents and co-guardians of minors J.M.A, A.C., and M.C. (Docs. 38, 48, 49) should be granted.

### B. Declaratory Relief

Peak Property filed a consent motion for declaratory judgment against Christian Rivera, Shands, FCPA, and MCFR. (Doc. 37). "Parties to a lawsuit may always compromise their dispute. But where the parties wish to incorporate their settlement into a judicial decree—where they seek the imprimatur of judicial approval—the court must give the agreement more careful scrutiny." *Salt Life, LLC v. Easy $Ailing, LLC*, No. 619CV1668ORL40LRH, 2020 WL 4741523, at *2 (M.D. Fla. July 28, 2020), *report and recommendation adopted sub nom. Salt Life, LLC v. Easy '36*, No. 619CV1668ORL40LRH, 2020 WL 10574617 (M.D. Fla. Aug. 17, 2020). "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Id.*

The parties entered into stipulations agreeing to the declaratory relief and consented to the entry of final judgment. (Doc. 28, 33). And, as discussed above, no coverage existed under the policy for the June 17, 2020 accident. Accordingly, Peak Property's consent motion for declaratory judgment as to Christian Rivera, Shands, FCPA, and MCFR (Doc. 37) should be granted.

### III. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Peak Property's motions for declaratory judgment and default judgment (Docs. 37, 38, 48, 49) be **GRANTED**. Peak Property's motion for summary judgment (Doc. 36) is, therefore, due to be denied as moot.

I recommend that the Court declare that: (1) no bodily injury liability coverage, property damage liability coverage, personal injury protection coverage, uninsured/underinsured motorist coverage, collision coverage, comprehensive coverage or any other coverage is afforded by the policy for any claims, losses or damages arising from the June 17, 2020 accident as all coverages had lapsed on the accident date due to nonpayment of premium; (2) there is no insurance coverage under the policy for the named insured, Stacy Castaneda for bodily injury or property damage liability coverage, personal injury protection coverage, UM coverage, collision coverage or comprehensive coverage for the June 17, 2020 accident; (3) Peak Property has no duty to indemnify or defend Stacy Castaneda under the policy against any liability claims arising from the June 17, 2020 accident; (4) there is no personal injury protection coverage under the policy for Stacy Castaneda or her minor children, J.M.A., A.C. and M.C., in connection with the June 17, 2020 accident; (5) there is no uninsured/underinsured motorist coverage under the policy for Stacy Castaneda or her minor children, J.M.A., A.C. and M.C., in connection with the June 17, 2020 accident; (6) there is no obligation to provide personal injury protection benefits under the policy to Shands for treatment of injuries alleged to result from the June 17, 2020 Accident; (7) there is no obligation to provide personal injury protection benefits under the policy to FCPA for treatment of injuries alleged to result from the June 17, 2020 accident; (8) there is no obligation to provide personal injury protection benefits under the policy to MCFR for treatment of injuries alleged to result from the June 17, 2020 accident; (9) there is no

obligation to provide collision coverage benefits under the policy to American Financial for damages related to the June 17, 2020 Accident; (10) there is no obligation to under the policy to afford bodily injury liability insurance benefits to Christian Rivera for damages related to the June 17, 2020 Accident; (11) there is no obligation to under the Policy to afford property damage liability insurance benefits to Christian Rivera for damages related to the June 17, 2020 accident; and (12) minors, J.M.A., A.C. and M.C., are excluded from any bodily injury liability insurance benefits under the Policy for the June 17, 2020 accident.

      Recommended in Ocala, Florida on November 9, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy